**Kareen DELAHAYE, Plaintiff–Appellant,**

**v.**

**HOYT DAK TRANSPORTATION, Defendant–Appellee,**

**Tricia Mims, Defendant.**

**No. 09–0597–cv.**

United States Court of Appeals, Second Circuit.

Feb. 2, 2010.

Kareen Delahaye, Brooklyn, NY, pro se.

Paul S. Doherty, III (Anthony J. Cincotta, of counsel), Hartmann Doherty Rosa Berman & Bulbulia, LLC, Hackensack, NJ, for Appellee.

PRESENT: RICHARD C. WESLEY, GERARD E. LYNCH, Circuit Judges, and MARK R. KRAVITZ District Judge.*

---

* The Honorable Mark R. Kravitz, United States      District Court for the District of Connecticut,

## SUMMARY ORDER

Plaintiff Kareen Delahaye, *pro se,* commenced this wrongful-termination action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The district court granted defendant-appellee's motion for judgment on the pleadings, holding that plaintiff's claim is time-barred because she did not file a timely administrative charge. Plaintiff now appeals that decision. We presume the parties' familiarity with the underlying allegations, the procedural history of the case, and the issues on appeal.

Plaintiff does not dispute that her claims are untimely under the statute. *See id.* § 2000e-5(e)(1). Instead, she argues that the district court erred by failing to apply equitable tolling based on the fact that she was advised by counsel "not to file . . . an administrative appeal." Under our case law, however, this contention is insufficient to warrant equitable tolling. *See, e.g., South v. Saab Cars USA, Inc.,* 28 F.3d 9, 12 (2d Cir.1994); *see also Zerilli–Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80–81 (2d Cir.2003) (providing examples of circumstances where equitable tolling would be appropriate). Therefore, the district court did not err in dismissing plaintiff's claim on this basis.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, the February 6, 2009 judgment of the district court is **AFFIRMED.**

sitting by designation.